**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4167**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JASON SMITH,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.   James P. Jones, District Judge.  (2:10-cr-00007-jpj-pms-1)

Submitted:  June 30, 2011        Decided:  July 6, 2011

Before WILKINSON, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Nancy C. Dickenson, Assistant Federal Public Defender, Christine Madeleine Lee, Research and Writing Attorney, Abingdon, Virginia, for Appellant.  Timothy J. Heaphy, United States Attorney, Debbie H. Stevens, Special Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Smith pled guilty to possession of a prohibited weapon in prison, in violation of 18 U.S.C. § 1791(a)(2) (2006). The district court sentenced him to forty-two months' imprisonment, twelve months above the advisory Guidelines range. On appeal, Smith asserts that his sentence is unreasonable because it is longer than necessary to achieve the goals of sentencing and the district court's explanation did not justify the extent of the variance. We affirm.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51. Smith does not challenge the procedural reasonableness of his sentence. In assessing the substantive reasonableness of the sentence, we "tak[e] into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51). Although no presumption of reasonableness attends a district court's variance sentence, our review still is through the deferential lens of abuse of discretion. Gall, 552 U.S. at 50-51.

Smith's conviction followed an apparently unprovoked assault on another inmate using a padlock attached to a belt, which resulted in the victim suffering a fractured skull and a subdural hematoma. The district court assumed, as Smith alleged, that the victim had raped him several months before the assault. The court, however, did not credit Smith's testimony that, immediately before the attack, the victim was armed and an attack was imminent. The court further observed that Smith had other options besides self-help and that his desire to avoid a reputation for complaining to prison staff did not justify eschewing these options. Smith's history of misconduct in prison, coupled with the violent nature of the attack, led the court to vary upwards. We conclude that, under the totality of the circumstances, the district court's explanation justified the extent of the variance and that the court did not abuse its discretion in imposing a forty-two-month sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3